**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **NUCOR CORPORATION,**<br><br>                              **Plaintiff,**<br>          **v.**<br><br>**UNITED STATES,**<br><br>                              **Defendant** | **Before: Hon. _____,**<br>                **Judge**<br><br>**Court No. 25-00107** |

**COMPLAINT**

Plaintiff Nucor Corporation ("Nucor" or "Plaintiff"), by and through its attorneys, alleges and states as follows:

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1.      Plaintiff brings this Complaint to contest portions of the U.S. Department of Commerce's ("Commerce") final results in the administrative review of the countervailing duty order on *Certain Corrosion-Resistant Steel Products from the Republic of Korea* for the period of review ("POR") covering calendar year 2022. *See Certain Corrosion-Resistant Steel Products from the Republic of Korea*, 90 Fed. Reg. 21,002 (Dep't Commerce May 16, 2025) (final results and rescission, in part, of countervailing duty admin. rev.; 2022) ("Final Results") and accompanying Issues and Decision Memorandum ("Final Results Memo").

**JURISDICTION**

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Action 1930, *codified as amended at* 19 U.S.C. § 1516(a)(2)(A)(i)(I) and (B)(iii).

Ct. No. 25-00107

## STANDING

3.      Plaintiff is a U.S. producer of corrosion-resistant steel products, is an interested party within the meaning of 19 U.S.C. § 1677(9)(C), and was a party to the administrative review in connection with which this matter arises.  Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4.      Plaintiff commenced this action by filing a Summons on June 12, 2025, within 30 days after the publication of the Final Results in the *Federal Register*.  Summons (June 12, 2025), ECF No. 1.  Plaintiff is filing this Complaint within 30 days of the filing of the Summons.  The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(i)(I) and Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5.      On June 2, 2016, Commerce published its final determination in the countervailing duty investigation of *Certain Corrosion-Resistant Steel Products from the Republic of Korea*. *Certain Corrosion-Resistant Steel Products from the Republic of Korea*, 81 Fed. Reg. 35,310 (Dep't Commerce June 2, 2016) (final affirmative deter., and final affirmative critical circumstances deter., in part).  On July 25, 2016, Commerce published the countervailing duty order in the Federal Register.  *Certain Corrosion-Resistant Steel Products from India, Italy, Republic of Korea and the People's Republic of China*, 81 Fed. Reg. 48,387 (Dep't Commerce July 25, 2016) (countervailing duty order).  On the basis of timely requests from the domestic industry and Korean producers, Commerce initiated an administrative review of the countervailing duty order for the POR subject to this Complaint on September 11, 2023.  *Initiation of Antidumping*

Ct. No. 25-00107

*and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 62,332 (Dep't Commerce Sept. 11, 2023).  On October 20, 2023, Commerce selected Hyundai Steel Company ("Hyundai Steel") and KG Dongbu Steel Co., Ltd. ("Dongbu") as mandatory respondents.  Memorandum from Rachel Accorsi and Shane Subler, Int'l Trade Compl. Analysts, AD/CVD Operations, Off. VIII, through Robert Palmer, Program Manager, to Irene Darzenta Tzafolias, re: *Administrative Review of the Countervailing Duty Order on Certain Corrosion-Resistant Steel Products from the Republic of Korea: Respondent Selection* (Oct. 20, 2023).

6.    Commerce published the Preliminary Results of the administrative review on August 12, 2024.  *Certain Corrosion-Resistant Steel Products From the Republic of Korea*, 89 Fed. Reg. 65,586 (Dep't Commerce Aug. 12, 2024) (prelim. results of the countervailing duty admin. rev.; 2022) ("Prelim. Decision") and accompanying Issues and Decision Memorandum accompanying ("Prelim. Decision Memo").  As it had in three prior administrative reviews, Commerce preliminarily determined that Dongbu received countervailable benefits through a debt restructuring program consisting of a series of loan restructurings and debt-to-equity conversions between 2014 and 2019.  *Id*. at 13-16.  *See also* Memorandum from Shane Subler, Sr. Int'l Trade Compl. Analyst, AD/CVD Operations, Off. VIII, Enf't and Compl., to The File, re: *Administrative Review of the Countervailing Duty Order on Certain Corrosion-Resistant Steel Products from the Republic of Korea; 2022; Equity Infusions Analysis Memorandum* (Aug. 5, 2024) at Attachment ("Equity Infusions Memo").  *See also*, Issues and Decision Memorandum accompanying *Certain Corrosion-Resistant Steel Products From the Republic of Korea*, 89 Fed. Reg. 6,501 (Dep't Commerce Feb. 1, 2024) (final results and partial rescission of countervailing duty admin. rev.; 2021) at 46-56; Issues and Decision Memorandum accompanying *Certain Corrosion-Resistant Steel Products From the Republic of Korea*, 88 Fed. Reg. 7,946 (Dep't Commerce Feb. 7, 2023)

Ct. No. 25-00107

(final results and partial rescission countervailing duty admin. rev.; 2020) at 43-61; Issues and Decision Memorandum accompanying *Certain Corrosion-Resistant Steel Products From the Republic of Korea*, 87 Fed. Reg. 2,759 (Dep't Commerce Jan. 19, 2022) (final results and partial rescission of countervailing duty admin. rev.; 2019) at 42-44.

7.     The debt restructuring program consisted of five transactions, which involved restructured loan terms, debt-to-equity conversions, or both. Equity Infusions Memo at 3-8. Four of these transactions involved both restructured loan terms and debt-to-equity conversions, and one of them involved restructured loan terms only. *Id*. The first three debt-to-equity conversions involved the conversion of debt-to-equity solely by creditor committee banks. *Id*. at 3-7. The final debt-to-equity conversion coincided with an acquisition of shares by an independent investment consortium called the KG Consortium, which acquired 72 percent of Dongbu's shares concurrently with the conversion of debt-to-equity by the creditor committee banks. *Id*. at 7-8. The transactions were effectuated through committees of Dongbu's creditor banks, or "creditor committee{s}," which included both government-owned policy banks and certain non-government banks. *Id*. at 3-7, 15.

8.     Commerce preliminarily found that the government-owned policy banks on the creditor committees were authorities providing financial contributions within the meaning of 19 U.S.C. § 1677(5)(B) and § 1677(5)(D)(i). Prelim. Decision Memo at 13. Commerce also determined that these government-owned policy banks controlled the creditor committee transactions, such that neither the interest rates on loans provided by the non-government creditor committee banks, nor the share prices at which the non-government creditor committee banks converted debt to equity could be used as benchmarks to determine the benefit conferred by the restructured loans or debt-to-equity conversions. *Id*. at 14-16. Specifically, Commerce

preliminarily determined that, due to extensive government control over the creditor committee transactions, loans provided by the non-government banks did not constitute "comparable commercial loans," and that the share prices paid by the non-government banks to covert debt to equity did not constitute "actual private investor" prices that were "significant" within the meaning of the agency's rules. *See id.*; Equity Infusions Memo at 10-14.

9.      Because there were no "actual private investor prices" that could be used as a benchmark during the first three debt restructuring transactions, Commerce proceeded to determine whether Dongbu was equityworthy at the time of the debt-to-equity conversions pursuant to 19 C.F.R. § 351.507(a)(4). Prelim. Decision Memo at 15-16; Equity Infusions Memo at 13-21. After considering (i) any objective analyses of the future financial prospects of the recipient firm or the project; (ii) current and past indicators of the recipient firm's financial health; (iii) rates of return on equity in the three years prior to the government equity infusion; and (iv) equity investment in the firm by private investors, Commerce determined that Dongbu was not equityworthy at the time of the first three debt-to-equity conversions and treated the equity infusions as grants in accordance with 19 C.F.R. § 351.507(a)(6).

10.     During the course of the 2022 administrative review, the Court of International Trade in Court No. 22-00047 considered and remanded Commerce's determination with respect to the first three debt-to-equity conversions in the 2019 administrative review. On July 7, 2023, the court issued its first remand order, holding that Commerce unlawfully reconsidered its treatment of the first three debt-to-equity conversions after finding in the first three administrative reviews that they did not confer a benefit. *KG Dongbu Steel Co., Ltd. v. United States*, 648 F.Supp.3d 1353 (Ct. Int'l Trade 2023). On remand, Commerce provided additional explanation of the basis for its reconsideration of the issue, but the Court held that the determination remained

unlawful and remanded for a second time on April 3, 2024. *KG Dongbu Steel Co., Ltd. v. United States*, 695 F.Supp.3d 1338 (Ct. Int'l Trade 2024). The Court sustained Commerce's second remand redetermination, in which the agency found no basis in the record not already provided to the Court for its reconsideration of the first three debt to equity conversions and determined, under respectful protest, that they conferred no benefit. *KG Dongbu Steel Co. v. United States*, 756 F.Supp.3d 1326 (Ct. Int'l Trade 2025). Nucor's appeal of this decision is currently pending before the Court of Appeals for the Federal Circuit.

11.    Dongbu filed its case brief in the 2022 administrative review on November 20, 2024. Letter from Morris, Manning and Martin, LLP to Sec'y of Commerce, re: *Certain Corrosion-Resistant Steel Products from the Republic of Korea, Case No. C-580-879: KG Dongbu Steel's Case Brief* (Nov. 20, 2024). It argued that Commerce impermissibly reconsidered its determinations regarding the first three debt-to-equity conversions without new evidence and that Commerce should follow the Court of International Trade's holding in *Nucor* to find that no benefit was conferred. *Id*. at 6-15.

12.    Nucor filed its rebuttal brief on December 2, 2024. Letter from Wiley Rein LLP to Sec'y of Commerce, re: *Certain Corrosion-Resistant Steel Products from the Republic of Korea: Rebuttal Brief Regarding KG Dongbu* (Dec. 2, 2024). Nucor responded that Commerce, like other agencies, has the inherent authority to revisit and modify prior determinations, with or without new evidence, provided that it offers a sufficient explanation. *Id*. at 3-8. Nucor also argued that, contrary to Dongbu's assertions, Commerce did cite new record evidence to support its reconsideration of the debt-to-equity conversion issue. *Id*.

13.    Commerce issued its Final Results in the 2022 administrative review on May 9, 2025 and published them in the Federal Register on May 16, 2025. Final Results and Final Results

Ct. No. 25-00107

Memo.  The agency reversed the Preliminary Results and determined that the first three debt-to-equity conversions did not confer a benefit.  Final Results Memo at 13.  The agency did not articulate any substantive errors or other issues with the Preliminary Results.  Commerce explained only that it "revised {its} decision with respect to Dongbu Steel's first through third debt-to-equity infusions" because of "a ruling by the U.S. Court of International Trade after the *Preliminary Results . . . .*"  *Id.* (citing *KG Dongbu Steel Co., Ltd. v. United States*, 756 F.Supp.3d 1326 (Ct. Int'l Trade 2025)).

14.     Based in part on this finding that the first three debt-to-equity conversions conferred no benefit, Commerce calculated a final subsidy rate of 4.02 percent for Dongbu in the Final Results, down from 5.49 percent in the Preliminary Results.  Final Results at 21,003; Prelim. Decision at 65,587.

## CLAIMS AND BASES FOR RELIEF

### Count I

15.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14.

16.     Commerce's determination that the first three debt-to-equity conversions did not confer a benefit to Dongbu was unsupported by substantial evidence and was otherwise not in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1)     Hold that Commerce's Final Results in the countervailing duty administrative review of *Certain Corrosion-Resistant Steel Products from the Republic of Korea* for the 2022

**Ct. No. 25-00107**

POR are not supported by substantial evidence on the record and are otherwise not in accordance with law; and

       2)      Remand the Final Results to Commerce for Disposition consistent with the Court's final opinion.

                        Respectfully submitted,

                        */s/Alan H. Price*
                        Alan H. Price, Esq.
                        Christopher B. Weld, Esq.
                        Tessa V. Capeloto, Esq.
                        Adam M. Teslik, Esq.
                        Jacob A. Garten, Esq.

                        *Counsel to Nucor Corporation*

Dated: July 11, 2025

## <u>CERTIFICATE OF SERVICE</u>

PUBLIC SERVICE

### *Nucor Corporation v. United States*
### Court No. 25-00107

I certify that a copy of this public submission was served on the following parties,

via certified mail and electronic service, on July 11, 2025.

<u>/s/ Adam M. Teslik</u>
Adam M. Teslik, Esq.

Roger B. Schagrin, Esq.
**Schagrin Associates**
900 7th Street, NW
Suite 500
Washington, DC 20001

Jeffrey M. Winton, Esq.
**Winton & Chapman PLLC**
1100 13th Street NW
Suite 825
Washington, DC 20005

Brady W. Mills, Esq.
**Morris, Manning & Martin, LLP**
1333 New Hampshire Avenue, NW
Suite 800
Washington, DC 20036

Thomas M. Beline, Esq.
**Cassidy Levy Kent (USA) LLP**
2112 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20037

Seokjoong Woo
**Embassy of the Republic of Korea**
2450 Massachusetts Avenue, NW
Washington, DC 20008

Sungbum Lee
Representative of Government of Korea
**Yoon & Yang LLC**
34th floor, ASEM Tower
517 Yeongdongdaero, Gangnamgu
Seoul, South Korea

Supervising Attorney
Civil Division – Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Attorney in Charge
International Trade Field Office
**Department of Justice, Civil Division**
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

General Counsel
**U.S. Department of Commerce**
14th Street and Constitution Ave., NW
Washington, DC 20230